## WOODWARD *v.* ROBERTS.

The amount of costs which a defendant may tender before the return day of a writ against him, in bar of further proceedings in the case, under section 1 of chapter 208, General Statutes, is such an amount as may be taxed in the supreme court under the provisions of section 5 of chapter 272.

ASSUMPSIT, by Jason H. Woodward against Moses Roberts, on a promissory note of the defendant, dated January 11, 1870, for $66.05, payable to Moses Woodward or order, with interest annually, in thirty days, and by him indorsed. The writ was dated October 3, 1870, and returnable November term, 1870. The defendant pleaded, and proved a tender to the plaintiff's attorney, on October 31, 1870, of the sum of $69.30, for note and interest, and $3.70 for costs, including one dollar for the writ.

The plaintiff excepted to the tender on the ground that the defendant tendered only one dollar for the writ, when by the bar rules of Coös county the charge for a writ on such a demand, when settled before entry, is fixed at $4, which the plaintiff's attorney then demanded, and which the defendant refused to pay; and it appeared, from the bar rules, that the price of such a writ was fixed at $4.

The court overruled the objection of the plaintiff, subject to exception, and directed a verdict for the defendant, subject to the opinion of the whole court, for judgment to be rendered or the verdict set aside, and a general judgment entered for the plaintiff for the amount of the note and interest, neither party wishing to go to the jury.

Case reserved for the whole court.

*J. H. Benton, Jr.,* for the plaintiff.

The question in this case is, whether the plaintiff's attorney ought to have received the one dollar tendered by the defendant for the writ, on a demand over twenty dollars.

The fee bill of the Coös county bar provided that he should take $4. The defendant tendered him $1. Now, should he have taken it? or, was he justified in refusing to accept less than the sum fixed by the rules of the bar?

The bar rules provide that any violation shall be punished by " *expulsion from the bar;*" and if the attorney had taken the sum tendered he would have been liable to expulsion.

The court have held that the statutory price of $1 for a writ applies only in the taxation of costs in making up judgments; and that an attorney may legally demand and receive more than that sum of the defendant. *Wilcox* v. *Bowers,* 36 N. H. 372. *Barker's Case,* 49 N. H. 195.

Attorneys are officers of the court, and act under the authority of the court. The fee bill, under the provisions of which the attorney in this case refused to take the $1 tendered by the defendant, has been recognized and sanctioned by the court ever since it was adopted by the bar more than four years ago; and we submit that it was the duty of the attorney, as an officer of this court, to refuse to receive of the defendant less than the sum fixed by the bar rules for a writ of the character of the one in this case.

To hold that we could not legally do this is to nullify the fee bill entirely, and render it of no force whatever, and, in effect, to hold that the bar have been plundering the community in so far as they have acted under it. We submit that if attorneys can legally demand and receive the sums fixed by the bar rules for making writs, then defendants ought legally to pay them. If defendants are not legally bound to pay them, then attorneys ought not to demand them; and for them to demand and compel the payment of that which defendants are under no legal obligation to pay, is simply to use the process of the law for the purpose of levying black-mail upon the community. Either the plaintiff is right in this case, or no attorney in this State should be allowed to receive more than $1 of a defendant for any writ which he may make.

*Roberts* (defendant), *pro se.*

The question is, whether I ought to have paid $4 for the writ; and in regard to that, I have tried to get at the right of the matter by examining the statute law of the State. At that time I had never practised law at the bar of the court, but I supposed that I could read the law, and if that said that a writ should be one dollar, then it would be one dollar, and no more; and I did not suppose that the lawyers of Coös county could get together and alter the statute. A member of the bar, who then undertook to help me, said the same thing, and it looked to be so far good sense that I believed him, and made the tender accordingly.

The plaintiff's counsel in his brief refers to the case of Barker. I have inquired to find out about that case, and I learn that he collected a debt; and the question was whether he took too much of his client, or for his client. I am told the money was paid to Barker, and somebody tried to get it back. Whoever tried this ought to have known better. In my case, the statute of the State fixes the price of the writ, so I can know what I have got to pay when I am sued. But if I get a lawyer to sue some one for me, my experience is that I must pay him as much as he sees fit to charge me; and I never thought of trying to get a lawyer to do any different. If he asks too much, I don't employ him. But here I was sued; and when I made the tender, the law said that the writ should be one dollar, and no fee bill but the law can alter it.

The case of *Wilcox* v. *Bowers,* referred to in the plaintiff's brief, is

one where the defendants were sued for a penalty of $50 for taking $2 for a writ: and the court decided that the defendants were not such public officers as to be liable to the penalty ; also, that the penalty would be incurred only by taxing too much in the bill of costs. This case has no bearing on mine.

FOSTER, J. The only exception to the rulings of the court at *nisi prius*, upon which the plaintiff still insists, and requires the opinion of this court, relates to the question whether the plaintiff's attorney had the right to demand and receive of the defendant more than one dollar for the writ, upon tender by the defendant of the amount of the debt and costs, before the return day of the writ in this suit.

The General Statutes provide (ch. 208, sec. 1) as follows: " At any time before the return day of the writ the defendant may tender to the attorney who brought the action the amount of the debt and costs ; and such tender shall be a bar to any further proceedings in the case." The defendant undertook to fulfil the requirements of this statute, and to avail himself of its benefits, by tendering to the plaintiff's attorney, as part of the costs, one dollar, and no more, for the writ in the suit. The plaintiff's attorney refused to accept this tender, claiming the right to charge and receive four dollars for the writ.

The General Statutes provide (ch. 272, sec. 5) as follows: " The following fees shall be allowed in bills of cost taxed in the supreme court: For the writ, including the blank, one dollar."

But the bar of Coös county have established certain " rules," and certain fees under those rules, which they have proposed to maintain and enforce by a printed declaration that any violation thereof shall be punished by " expulsion from the bar." They have thus declared that members of the bar may charge as " office fees,"—" For settling demands before entry of action, to be paid by the debtor or defendant," for " court writ, on demand, under $20, $3 ; writs on all other demands, not exceeding $100, $4."

We are called upon by this case to furnish an interpretation of the term " costs," so far as it is applicable to the price of a writ, as used in the statute to which we have first referred.

And we have no hesitation in holding that the costs which the defendant may tender before the return day of the writ against him, in bar of further proceedings in the case, must be the costs prescribed by law, and not such costs as an attorney, of his own motion, or in pursuance of any agreement with others of his profession, may see fit to demand. The price of writs which the law has fixed may be too small, but *ita lex scripta est*, and the only remedy is by appeal to the legislature. We are constrained to agree entirely with the defendant, that the lawyers cannot " get together and alter the statute."

A lawyer may undoubtedly charge his own client more than the statute price (which, in many cases, is altogether inadequate and quite ridiculous, as compensation) for drawing a declaration and making a writ. This price may be agreed by the parties, or be determined, in

the absence of a special agreement, like all other questions of the value of services rendered, upon the basis of *quantum meruit;* and with such price or contract between client and attorney the defendant in a cause has nothing to do.

His rights and liabilities are fixed by the legislature, and not by any bar rules, or by the arbitrary valuation which an attorney may fix upon his services in behalf of a client.

To be sure, the law says that one dollar shall be the price of a writ in bills of cost " taxed in the supreme court; " but it also declares that the defendant may tender the debt and costs, before any opportunity to tax costs in the court, because before the return day of the writ; and that such tender shall be a bar to any further proceedings in the case.

What amount of costs, and what price for the writ, then, must the defendant tender ? One lawyer may think four dollars is a fair price for a certain writ, and another lawyer may be of the opinion that the peculiar skill and science of his pleading requires as large a compensation as ten, twenty, or fifty dollars.

One bar association may prescribe four dollars as the price of a writ upon a demand of $20 and upwards, while another bar may elevate the standard of respectability in an honorable profession by the establishment of a much more imposing fee bill.

But the poor debtor, or the unfortunate defendant, cannot perforce be made a party to any such proceeding of a lawyer whom he does not employ, nor be bound by the regulations of any bar with which he is not voluntarily associated, and whose members can only expel each other, but cannot harm him, for nonconformity to its rules.

But if the plaintiff's doctrine be sustained, the defendant must submit to the caprice, or it may be the gross extortion, of an unscrupulous practitioner (if such an one there be), or to the arbitrary rules of an association whose compulsory legislation, at the expense of an unwilling and non-consenting public, neither the constitution nor the laws have sanctioned or recognized.

It will not do to say that the attorney's demand of four dollars is not compulsory; that the defendant is under no obligation to pay it, because, by refusal and waiting till after entry of the action in court, he may then tender or pay the smaller amount taxed " in the supreme court; " for, in that case, the defendant is compelled to pay the entry fee and the plaintiff's fees for travel and attendance, which the law of the State has expressly provided that he may avoid by tender of costs before the return day of the writ.

To repeat the question, then, What costs must the defendant tender in order to avail himself of the advantages of the statute ? Plainly, such costs as the law has prescribed—the costs taxable in court. These are the only involuntary costs known to the law, which is to be interpreted as having provided that, if the party will settle the suit against him before entry in court, he shall be required to pay to the plaintiff's attorney just as much, and no more, for all the costs that are chargeable before entry of the action, as if he paid the same costs after entry.

The authorities cited by the plaintiff's counsel—*Wilcox v. Bowers*, 36 N. H. 372, and *Barker's Case*, 49 N. H. 195—are not favorable to the position assumed by him. On the contrary, they indicate the same views which we have expressed in this opinion.

In the former case, which was an action of debt to recover a penalty prescribed by statute for taking illegal fees, the court held that sec. 25, ch. 245, Comp. Stats.,—identical with the present statute, Gen. Stats., ch. 272, sec. 27,—did not apply to attorneys while receiving compensation in their offices for services rendered by them for their clients, in matters preliminary to proceedings before a judicial tribunal, such as charging two dollars for a writ; but that the law applied to, and the penalty was incurred only by, public officers demanding and receiving compensation for services rendered in the discharge of official duty,—such officers, for example, as are named in the preceding sections of the same chapter, namely, justices of the peace, police justices, sheriffs, jailers, recording or certifying officers, notaries public, clerks of court, and the like,—officers who are entitled to demand and compel the payment of prescribed fees.

And, therefore, that the statute, providing that only one dollar shall be allowed for a writ in bills of cost taxed in the supreme court, is not violated by an attorney receiving a larger sum in adjusting a suit for his client before entry of the same in court.

In the opinion of the court, FOWLER, J., remarks,—" Before the rendition of judgment, or the taxation of costs as preliminary thereto, neither the plaintiff nor his attorney has any claim on the defendant, which can be enforced for either damages or costs. The whole matter in controversy is contingent, and rests in uncertainty. If the defendant desires to avoid further liability for costs or damages upon any claim or in any suit of the plaintiff against him, there are various modes in which it may be done, in no one of which he is compelled or under any sort of legal obligation to adjust or satisfy, under that name, any charge of the plaintiff's attorney allowing for drawing or making the writ. Such charge is exclusively a matter between the attorney and his client, with which the defendant has nothing to do, and for which there is no legal claim against him. If he choose to pay the whole or any portion of it for the purpose of adjusting the suit against him, as a matter of convenience and accommodation, rather than resort to either of the prescribed and well known methods of avoiding further liability in such cases, he must be regarded as having done so voluntarily, and not upon any such legal compulsion as will enable him to recover the statute penalty for taking illegal fees of the attorney to whom he pays it. He may tender to that attorney the amount of debt and costs, if he elect so to do, and the statute makes such tender a bar to any further proceedings."

In *Barker's Case*, which was a complaint against an attorney for taking illegal fees, the attorney charged a defendant, in settlement of a suit after entry, four dollars for the writ, and eight dollars for an attorney fee, &c. BELLOWS, C. J., said,—" The cost taxed in this case

appears to be in accordance with the fee bill established by the Coös county bar, and the court cannot say that such charges against the plaintiff, the attorney's client, were of a character to call for the summary interference of this court. It is clear, on the other hand, that the charges are much greater than the amount legally taxable to the defendant, had the case gone to judgment. The defendant, however, had then no right to tender the debt and costs to the plaintiff or his attorney: that he could not do after the entry of the action.* As the matter then stood, he had his election, to pay the amount of cost demanded, or become defaulted at the approaching term; in which case the cost legally taxable against him would have been something like eight dollars less than the amount he paid." This language seems very clearly to imply the opinion of the court that the defendant in that case might have avoided the attorney's demand of four dollars for the writ, by tender of one dollar before entry of the action.

The result of these considerations is, that the plaintiff's exceptions are overruled, and there must be　　　　　*Judgment on the verdict.*

---

* *Barker's Case*, as printed in the Reports, reads (49 N. H. 197, 9th line from top of page) "that he could do," &c. It should have been printed, "that he could *not* do," &c. See errata to vol. 49, p. 608.